UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIERRE COLE,<br><br>Defendant. | Case No. 2:14-cr-00344-KJD-PA:L<br><br>ORDER |

Presently before the Court is Movant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (#90). The Government responded in opposition (#93) to which the Movant replied (#94). The Government also filed a Motion for Leave to Supplement its Response in Opposition (#101). The Movant responded in opposition (#107). Also before the Court is the Government's Motion for Leave to File Sealed Exhibit (#102). Having read and considered the motion and good cause being found, ECT #102 is granted.

I.  Factual and Procedural Background

On December 30, 2014, Defendant Tierre Cole ("Cole") pleaded guilty to the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. On April 28, 2015, Cole was sentenced to 10-years' imprisonment. Cole brings this motion seeking compassionate release, arguing that COVID-19 is an extraordinary and compelling reason for immediate release. The government opposes the motion and argues COVID-19 is not the threat it once was, and that Cole remains a danger to the public and should not be released.

II.  Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as

amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from the Bureau of Prisons ("BOP") custody. Id.

The Sentencing Commission policy statement explains that "extraordinary and compelling reasons" exist where, among other things, "[t]he defendant is suffering from a serious physical or mental condition or suffering from a serious functional or cognitive impairment… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13. The Ninth Circuit declared this policy statement is not binding on district courts but noted that it may inform a district court's discretion when considering § 3582(c)(1)(A) motions. See United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).

III.    Analysis

Cole argues that he is eligible for compassionate release under the statute because he is at a high risk of severe reinfection or death from COVID-19. (#94, at 7). Cole requested that the warden file a motion on his behalf, stating that COVID-19 puts him at great risk because of his

asthma, high blood pressure, and many food allergies. (#91-1, at 2). The Court finds that Cole did properly exhaust his administrative remedies.

Therefore, the Court must consider the § 3553(a) factors that were applicable at Cole's original sentencing, and then determine if there are any extraordinary and compelling reasons for his early release.

The § 3553(a) factors include the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available and sentencing ranges established in the guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution. 18 U.S.C. § 3553(a). The Court considered these factors on the day of sentencing and finds that they warrant the sentence as it stands today. Cole's crime involved robbing a store, shooting rounds in the air, and then pointing a gun at the store clerk's head. This was a serious and dangerous crime in which the time of imprisonment was justified. Although Cole may have some familial support after release, the Court is not convinced that Cole is no longer a danger to society. Cole has not presented any other argument about the remaining factors, and the Court does not see how the other factors would implicate releasing Cole early. The Court finds that a need for a 10-year sentence remains.

The Court also finds that there are no extraordinary or compelling reasons to support granting him compassionate release. Cole argues that his medical conditions leave him at high-risk for COVID-19 infection and severe illness and that BOP cannot adequately protect Cole from the virus. (#94). The government argues in opposition that BOP has taken aggressive steps to mitigate COVID-19 risks, especially through vaccination, and Cole's refusal to get the vaccine does not entitle him to compassionate release. (#101, at 3). The Court agrees with the government.

The nonbinding, but advisory guideline policy statement treats an "extraordinary and compelling" circumstance as "a serious physical or medical condition… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. note 1(A)(ii). Cole was offered the vaccine and he refused it. (#103, at 2). Cole abstained

from a form of self-care within the correctional facility environment. Cole cannot point to a severe risk and then ignore the precautionary measures against such a risk. While Cole is within his right to deny the vaccine, he cannot simultaneously claim that he must be released because he could suffer severe side effects that the vaccine is designed to target. The vaccine may not be 100% effective, but Cole's argument about his medical conditions combining with the risk of contracting COVID-19 is too speculative to justify early release. Cole does not have any terminal illnesses or conditions that cannot be treated by BOP. Further, President Biden has declared that the COVID-19 pandemic is over in the United States. Alexander Tin, *Biden says COVID-19 pandemic is 'over' in U.S.*, CBS NEWS, (Sept. 19, 2022, 7:03 PM https://www.cbsnews.com/news/biden-covid-pandemic-over/. The threat of the virus is not what it once was, and the Court does not find that Cole has any extraordinary or compelling reason to terminate his prison sentence early.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF #90) is **DENIED.**

IT IS FURTHER ORDERED that the Government's Motion to File a Sealed Exhibit (ECF #102) is **GRANTED.**

Dated this 9th day of May 2023.

_____
Kent J. Dawson
United States District Judge